IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE SHEILS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 CV 2766 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| GATEHOUSE MEDIA, INC., | ) | |
| GATEHOUSE MEDIA SUBURBAN | ) | |
| NEWSPAPERS, INC., and SHAW | ) | |
| SUBURBAN MEDIA GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants (collectively "GateHouse"), by their attorneys, submit their Motion for Judgment as a Matter of Law pursuant to Fed. Rule Civ. P. 50 and state as follows:

## I. INTRODUCTION

This a five count action, alleging: (1) FMLA interference related to Plaintiff's return from medical leave in January 2010; (2) FMLA retaliation related to Plaintiff's return from medical leave in January 2010; (3) FMLA retaliation related to Plaintiff's discharge in February 2011 while she was on medical leave; (4) Defendants' failure to pay overtime for time worked in excess of 40 hours in a given workweek; and (5) Illinois common law retaliatory discharge related to Plaintiff's exercise of rights under the Illinois Workers' Compensation Act.

In addition, Plaintiff contends that GateHouse Media, Inc. was her employer under principles of joint employer liability.

## II. LEGAL STANDARD

Rule 50(a) of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would have legally sufficient evidentiary basis to find for the party on that issue." In

examining the evidence to rule on a motion for judgment as a matter of law, the court does not make credibility determinations or weigh evidence. *Waite v. Board of Trustees of Illinois Community College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005), citing *Reeves v. Sanderson Plumbing Products*, Inc., 530 U.S. 133, 150 (2000).

### III. ELEMENTS OF THE CLAIMS BROUGHT BY PLAINTIFF

#### A. FMLA Interference

To establish a claim for FMLA interference, an employee must show that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she is entitled. *Burnett v. LFW, Inc.*, 472 F.3d 471, 472 (7th Cir. 2006).

An employee's right to reinstatement is not absolute. The FMLA allows an employer to refuse to restore an employee to the "former position when restoration would confer a 'right, benefit, or position of employment' that the employee would not have been entitled to if the employee had never left the workplace." *Kohls v. Beverly Enters. Wisc., Inc.*, 259 F.3d 799, 805 (7th Cir. 2001) (citing 29 U.S.C. § 2614(a)(3)(B)); *see also* 29 C.F.R. § 825.216(a) ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee has been continuously employed during the FMLA leave period.").

#### B. FMLA Retaliation

FMLA retaliation claims are evaluated under the same standard used in Title VII retaliation claims. *See James v. Hyatt Regency*, 707 F.3d 775, 781 (7th Cir. 2013). Hence, a plaintiff must show: (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) there is a causal connection between the protected

activity and the adverse employment action. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 633 (7th Cir. 2009).

An employer does not, however, violate the FMLA for failing to return a plaintiff to her former position after she returns from leave if the employee would have been let go even if she had taken the leave and the termination decision was unrelated to the leave request. *Goelzer v. Sheboygan County, Wis.*, 604 F.3d 987, 993 (7th Cir. 2010). The regulations also state that an employee who is laid off during the course of her leave has no right to reinstatement. 29 C.F.R. § 825.216(a)(1).

### C. Overtime Claim

The FLSA requires employers to pay overtime to certain employees who work more than 40 hours in a work week. 29 U.S.C. § 207(a). The employee bears the burden of proving she performed the overtime work for which she was not properly compensated. *Anderson v. Mt. Clemens*, 328 U.S. 680, 686-87 (1946). To state a claim under the FLSA, a plaintiff must show that the employer had actual or constructive knowledge of her overtime work. *See Reich v. U.S. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076 (11th Cir. 1994).

The FLSA does not "require the employer to pay for work it did not know about, and has no reason to know about." *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 177 (7th Cir. 2011); *See also* 29 U.S.C. § 203(g); 29 C.F.R. § 785.11. In other words, an employer cannot be held liable for FLSA violations unless it has actual or constructive knowledge of an employee's work. An employer has "constructive knowledge" under the FLSA when it "had reason to know" or "should have known" that its employee performed uncompensated work. *Kellar*, 664 F.3d at 177).

### D. Illinois Common Law Retaliatory Discharge Claim

To prevail on a retaliatory discharge claim, a plaintiff must show: "(1) that she was defendant's employee before her injury; (2) that she exercised a right granted by the Workers' Compensation Act; and (3) that she was discharged from her employment with a causal connection to her filing a workers' compensation claim." *McCoy v. Maytag Corp.*, 495 F.3d 515, 520-21 (7th Cir. 2007). The element of causation is not met if the employer has a valid basis, which is not pretextual for discharging the employee. *McCoy*, 495 F.3d at 521. To show pretext, a plaintiff must offer evidence to indicate that the employer did not honestly believe the reasons it gave for its actions and is lying to cover its tracks. *Id*. at 522-23.

There is no per se rule prohibiting an employer from discharging an employee who has filed for workers' compensation benefits. *Clark v. Owens-Brockway Glass Container, Inc*., 297 Ill.App3d 694 (5th Dist. 1998).

### E. Joint Employer Assertion Against GateHouse Media, Inc.

With respect to the issue of joint employer liability, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case." *Moldenhauer v. Tazwell-Pekin Consol. Commc'ns Ctr*., 536 F.3d 640, 644 (7th Cir. 2008). Factors relevant in determining whether a joint-employer relationship exists include but are not limited to whether the alleged employer "(1) had the power to hire and fire employees, (2) supervised and controlled employee work scheduled or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." *Moldenhauer*, at 644.

## IV. ARGUMENT

### A. Insufficient Evidence To Support Plaintiff's FMLA Interference And Retaliation Claims On Her Demotion

Plaintiff has not proved the above-described necessary elements to prevail on either of her FMLA claims related to her demotion in January 2010. The only evidence Plaintiff adduced that touches on any discriminatory aspect of her demotion are the comments allegedly made by Carol Gilbert directly to Plaintiff and the comments by Caroll Stacklin and Don Stamper allegedly made to Gilbert that were relayed to Plaintiff. Those comments, even if actually made – which they were not, do not demonstrate violations of the FMLA because they, by Plaintiff's admission, were solely related to her filing a workers' compensation claim in June 2009 and not the two FMLA leaves she took beginning in August and December 2009.

Further, when questioned by her attorney about why she believes her demotion was somehow unlawful, Plaintiff only testified that GateHouse did not treat her fairly. Plaintiff's perception of unfairness is not tantamount to violations of the FMLA and she has not supported those contentions. Indeed, she relies solely on the timing of her demotion vis-à-vis her two FMLA claims. But, timing alone is insufficient to support a claim for retaliation. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008). In addition, rather than terminate Plaintiff in January 2010, GateHouse found a way to continue her employment by assigning her a new position with diminished duties, which included the loss of her supervisory role. Plaintiff's supervisory position no longer existed and, therefore, was not available upon Plaintiff's return from her second FMLA leave in January 2010. The corresponding reduction in pay was solely related to Plaintiff's diminished job duties and nothing more. There is no evidence of interference or retaliation. Without regard to GateHouse's entirely credible and plausible

defenses, based on Plaintiff's testimony alone, there is no reason to send either her demotion-based FMLA interference or retaliation claims to the jury.

Accordingly, judgment as a matter of law should be entered in favor of GateHouse.

**B.  Insufficient Evidence To Support Plaintiff's FMLA Retaliation Claim Related To Her Layoff**

Plaintiff has not proved the above-described necessary elements to prevail on her FMLA retaliation claim related to her layoff in January 2010. Other than the timing of the department and nation-wide reorganization in January/February 2011 and her not being selected for the two post-reorganization positions she applied for, Plaintiff has not adduced any evidence of retaliation. As previously set forth with respect to Plaintiff's retaliation claim on her demotion, timing alone is insufficient to support a claim for retaliation. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008). Moreover, the comments allegedly made by Gilbert, Stacklin and Stamper are completely unrelated to Plaintiff's FMLA leaves because, at most, they only pertain to her filing a workers' compensation claim in June 2009.

In addition, Caroll Stacklin's communications with Laura Williams in January 2011 about Plaintiff's FMLA leaves, and their communications with outside counsel, were part of GateHouse's due diligence process in assessing the possibility of legal risk associated with the layoff of an employee who had recently taken FMLA leave and filed a claim for workers' compensation benefits. Stacklin and Williams testified that this due diligence is not limited to the FMLA or workers' compensation claims; rather, it extends to any protected characteristic including, but not limited to, age, race or sex, or any other protected classification.

Next, there is no evidence to undercut the fact that GateHouse believed Sue Krisch and Lynn Adamo were more qualified than Plaintiff for the Ad Traffic Coordinator and Senior Production Coordinator positions they applied for and rightfully obtained.

Further, the other positions that were advertised after Plaintiff did not obtain either of the two jobs she applied for had nothing to do with Plaintiff's FMLA leave in January 2011. Indeed, Caroll Stacklin offered unrebutted and unimpeached testimony regarding the non-retaliatory reasons for the job advertisements that were posted after Plaintiff's discharge in February 2011. More specifically, Stacklin testified that GateHouse posted the ads at the same time the announcement was made to the existing workforce in January 2011 because they needed a safety net in the event not enough employees applied for the open positions. GateHouse's exercised that caution because it simply could not predict how its employees would react to different hours and pay. In addition, running the ads did not cost GateHouse any additional money because they had a corporate relationship with Monster.com. The fact that the ads ran after February 2011, when the new positions were filled is because such ads typically run for a minimum of thirty days and possibly longer. Plaintiff's prior FMLA claim had nothing to do with her selection for lay off in February 2011.

To sum up, Plaintiff's difference of opinion is not evidence of retaliation. Accordingly, judgment as a matter of law should be entered in favor of GateHouse.

**C.**     **Insufficient Evidence To Support Plaintiff's Overtime Claim**

Plaintiff has not proved the above-described necessary elements to prevail on her overtime claim. There is not a single time card in evidence that notes Plaintiff worked more than forty hours in any workweek in 2010. Moreover, the diminished workload in the composing department, as confirmed by every trial witness, including Plaintiff, makes it impossible for Plaintiff to meet her burden of proof on her overtime claim. In addition, nobody at GateHouse possessed any knowledge of the alleged overtime work Plaintiff performed.

Accordingly, judgment as a matter of law should be entered in favor of GateHouse.

### D. Insufficient Evidence To Support Plaintiff's Illinois Common Law Retaliatory Discharge Claim

Plaintiff has not offered any direct proof of causation on her Illinois common law retaliation claim. A plaintiff does not meet the causation element in her retaliatory discharge case if the employer had a valid, non-pretextual basis for terminating the plaintiff. Other than the comments allegedly made by Gilbert, Stacklin, and Stamper, which were all denied, Plaintiff has no other evidence in support of this claim. And, certainly, Plaintiff has no evidence of pretext. Also, to the extent Plaintiff has argued there is close temporal proximity to her layoff and filing of a workers' compensation claim and subsequent continuing exercise of her rights, that argument fails. Temporal proximity often serves as an "important evidentiary ally of the plaintiff." *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 675 (7th Cir. 2011). But temporal proximity alone is generally not enough to create a genuine issue of material fact. *See Silverman v. Bd. Of Educ. Of Chicago,* 637 F.3d 664, 675 (7th Cir. 2011). ("The causality requirement calls for more than a sequential connection."). To the contrary, no such temporal proximity exists due to the approximately 18 month passage of time from the date Plaintiff filed her claim for workers' compensation benefits and the date of her discharge.

Accordingly, judgment as a matter of law should be entered in favor of GateHouse.

### E. Insufficient Evidence To Support Plaintiff's Assertion That GateHouse Media, LLC Is A Joint Employer

The facts do not support a finding of joint employer liability. There was no evidence adduced that GateHouse Media, Inc. had the power to hire or fire GateHouse Suburban employees. Critically, the fact that Caroll Stacklin was technically a GateHouse Media employee when she was involved in the decision to lay off Plaintiff in February 2011 is of no moment because at that time she was performing concurrent duties as a Publisher for GateHouse Suburban – Plaintiff's employer. And, that is not the test for joint employer status. Indeed,

without regard to the tangential issues Plaintiff picked at in an attempt to shift the focus away from the actual control elements of the joint employer test, there is no evidence that GateHouse Media controlled or had any involvement in the day-to-day activities of GateHouse Suburban employees; nor did it control rates of pay for GateHouse Suburban employees or maintain their personnel files. Plaintiff's speculation and mere suggestions of facts to the jury on this issue are not enough to obtain a finding of joint employer liability.

Accordingly, judgment as a matter of law should be entered in favor of GateHouse.

## V. CONCLUSION

For all of the foregoing reasons, GateHouse respectfully requests the Court to grant Defendants' Motion for Judgment as a Matter of Law and to grant such other and further relief as the Court deems just and proper.

Dated: March 26, 2015

Respectfully submitted,

s/ Brian S. Schwartz
MICHAEL A. PAULL (ARDC # 6194021)
BRIAN S. SCHWARTZ (ARDC # 6273020)
KLEIN DUB & HOLLEB, LTD.
660 LaSalle Place, Suite 100
Highland Park, Illinois 60035
(847) 681-9100
map@labor-law.com
brian.schwartz@labor-law.com

*Attorneys for GateHouse*

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing Defendants' Motion for Judgment as a Matter of Law was served upon:

> Jill Weinstein
> Erika Pedersen
> PEDERSEN & WEINSTEIN LLP
> 55 E. Jackson Boulevard, Suite 510
> Chicago, IL 60604

*via* the CM/ECF Electronic Filing System, on this 26th day of March, 2015.

s/Brian S. Schwartz